CONSOLIDATED FREIGHTWAYS, Inc., v. UNITED STATES et al. (INTERSTATE COMMERCE COMMISSION, Intervener).

Civ. No. 102.

District Court, D. Utah, Central Division.

June 26, 1940.

Donald A. Schafer, of Portland, Or., and K. Tracy Power, of Salt Lake City, Utah, for plaintiff.

Frank G. Coleman, Sp. Asst. to Atty. Gen., of Washington, D. C., and John S. Boyden, Asst. U. S. Atty., of Salt Lake City, Utah, for the United States.

Daniel H. Kunkel, of Washington, D. C., for Interstate Commerce Commission.

C. C. Parsons and Wm. M. McCrea, both of Salt Lake City, Utah, for Jones Co.

Before PHILLIPS, Circuit Judge, and SYMES and JOHNSON, District Judges.

JOHNSON, District Judge.

The plaintiff, the Consolidated Freightways, Inc., a common carrier by motor vehicles between the San Francisco Bay district and Boise City, Idaho, and Ontario, Oregon, and other places in their vicinity, brought this action to vacate and set aside an order of the Interstate Commerce Commission granting a certificate of convenience and necessity to the defendant the Jones Company, Inc., authorizing it to operate as a common carrier by motor vehicles between Winnemucca and Boise, and other places in its vicinity, over the public highway in course of construction known as the Idaho-Oregon-Nevada cut-off.

Hearings were had on the application of the Jones Company, Inc., before a Joint Board appointed by the Commission pursuant to the provisions of section 305 (b) of the Motor Carrier Act 1935, as found in Title 49, U.S.C.A. Numerous protestants, common carriers by motor vehicles or railroads, appeared before the Joint Board and objected to the granting of a certificate of convenience and necessity to the Jones Company, Inc., and introduced evidence in support of their objections and in opposition to the evidence introduced by the Jones Company, Inc. After full hearings the Joint Board recommended that the Commission grant a certificate of convenience and necessity to the Jones Company, Inc., which later the Commission did, with certain specific limitations which need not be mentioned here.

The Consolidated Freightways, Inc., feeling itself aggrieved by this order, has brought this action and in its complaint has alleged that the order of the Commission authorizing the Jones Company, Inc., to operate as a common carrier by motor vehicles over the I-O-N highway between Winnemucca and Boise and vicinity is unsupported by any substantial evidence, and that the said order of the Commission was arbitrarily and capriciously made by it.

Prior to the date of the hearing in this court the Interstate Commerce Commission intervened in the cause and filed an answer to plaintiff's complaint. The defendants United States and the Jones Company, Inc., in their separate answers to plaintiff's complaint raise a question of law in their first defense, which in effect is a motion to dismiss on the ground that the plaintiff has no such interest in the order made by the Commission as allows it to maintain this action.

Counsel for plaintiff in their brief have requested leave to amend by alleging in direct terms injury to plaintiff's business in the event of operation by the Jones Company, Inc., as authorized by the order of the Commission. We do not consider the proposed amendment necessary and the application to amend is denied.

In view of the decision of the Supreme Court in the Chicago Junction case, 264 U.S. 258, 44 S.Ct. 317, 68 L.Ed. 667, and the reasoning of that court in the case of Federal Communications Commission v. Sanders Brothers Radio Station, 308 U.S. 546, 60 S.Ct. 294, 84 L.Ed. 460, we conclude that the plaintiff has the right to bring and maintain this action and that the complaint sufficiently states a cause of action.

On the Merits.

Counsel for plaintiff have outlined, on the cover of their abstract of the testimony introduced before the Joint Board, the highway over which the plaintiff operates as a common carrier by authorization of the Interstate Commerce Commission, from Winnemucca in Nevada to Ontario in Oregon, as shown by the Official AAA road map of Western States. Supplementing this outline on the cover of plaintiff's abstract of the evidence with the directions and distances given by that official map of the AAA, it appears that it is 177 miles easterly from Winnemucca to Wells; 120 miles east of north from Wells to Twin Falls; 141 miles northwest from Twin Falls to Boise; 33 miles westerly from Boise to Nampa; 9 miles northwest from Nampa to Caldwell; 35 miles northwest from Caldwell to Ontario. This map shows the distance from Winnemucca via the I-O-N cutoff as 283 miles. Witnesses who testified at the hearing before the Joint Board gave that distance as 266 miles and stated that

it was 166 miles shorter than the highway over which plaintiff operates from Winnemucca to Boise. These distances are accepted as correct.

■ This court will take notice that Boise Valley is one of the most fertile and among the earliest settled in Idaho, and now contains many thickly settled and prosperous communities. The court will also take notice that since the development of that area under the Carey Act, 43 U.S.C.A. § 641, the territory around and tributary to Twin Falls contains many thickly settled and prosperous communities, and that intervening between these two irrigated and cultivated valleys there is an arid area of very considerable extent.

■ In view of this situation it is obvious that Twin Falls and the towns in its vicinity and the territory surrounding them, and Boise City and the towns in its vicinity and the territory surrounding them, are so similar in general characteristics as to be competitive, both in production and distribution. From an inspection of the highway outlined on the cover of the plaintiff's abstract of the testimony, it is also obvious that Boise City and the towns and territory in its vicinity, with respect to the San Francisco Bay district, are at great disadvantage in distance, time, and probably freight rates, in the shipment of their products in competition with the products of the Twin Falls territory over the round-about highway used by the plaintiff. These disadvantages will be overcome by the use of this new route over the I-O-N highway.

The Interstate Commerce Commission found that: "The present and future public convenience and necessity require operation by applicant, in interstate or foreign commerce, as a common carrier by motor vehicle of general commodities, except livestock, bulk liquids, high explosives, articles of extraordinary value, and household goods other than occasional pieces, between Winnemucca, Nev., on the one hand, and Boise, Idaho, and Ontario, Oreg., and intermediate points in Idaho on the authorized routes, on the other hand, over the routes hereinabove described, with no service to or from any intermediate point on such routes in Oregon or Nevada except McDermitt; that applicant is fit, willing, and able properly to perform such services and to conform to the provisions of the act and our rules and regulations thereunder; that a certificate authorizing such operations should be granted; and that the ap-

plication in all other respects should be denied."

We think this finding of the Interstate Commerce Commission is amply supported by the evidence in the record and that it is in strict conformity with the declared purpose of Congress as expressed in section 302(a) of the Motor Carrier Act 1935, as found in Title 49, U.S.C.A., that: "It is hereby declared to be the policy of Congress to regulate transportation by motor carriers in such manner as to recognize and preserve the inherent advantages of, and foster sound economic conditions in, such transportation and among such carriers in the public interest; promote adequate, economical, and efficient service by motor carriers, and reasonable charges therefor, without unjust discriminations, undue preferences or advantages, and unfair or destructive competitive practices; improve the relations between, and coordinate transportation by and regulation of, motor carriers and other carriers; develop and preserve a highway transportation system properly adapted to the needs of the commerce of the United States and of the national defense; * *."

Counsel for defendants and intervenor will prepare, serve upon opposing counsel and submit proposed findings in harmony with this opinion and in accordance with the practice of this court.